UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

In re:
Dafney Dena Johnson,
           Debtor.

Case No. 17-71664-SCS
Chapter 7

**MOTION TO REOPEN CASE AND TO ORDER
APPOINTMENT OF TRUSTEE**

Judy A. Robbins, the United States Trustee for Region Four, by counsel, moves this Court to reopen this case and to order the appointment of a trustee, and in support of the Motion states:

1. This case was filed as a voluntary chapter 7 on May 4, 2017. *See Docket Entry No. 1*.

2. Clara P. Swanson was appointed trustee.

3. On July 7, 2017, Swanson filed her Chapter 7 Trustee's Report of No Distribution. *See Docket Entry No. 10*.

4. On August 21, 2017, the Court issued a discharge order. *See Docket Entry No. 11*.

5. On August 28, 2017, the case was closed. *See Docket Entry No. 13*.

6. In or about 2009, the debtor had repairs done on a vehicle that resulted in a class action lawsuit.

7. The class action lawsuit has settled and the debtor received a check for $1,049.

8. On October 30, 2017, the U.S. Trustee received correspondence from debtor's counsel advising of the settlement.

Kenneth N. Whitehurst, III, Esq., AUST, VSB No. 48919
Cecelia Ann Weschler, Esq., VSB No. 28245
Nicholas S. Herron, Esq., NJSB No. 03007-2008, PASB No. 208988
Office of the U.S. Trustee
200 Granby Street, Room 625
Norfolk, VA  23510
(757) 441-6012

9. The debtor's cause of action arose prepetition.

10. The cause of action was not listed as an asset in the debtor's schedules and statements.

11. The bankruptcy estate, as defined by section 541, includes "all legal or equitable interests of the debtor in property as of the commencement" of bankruptcy. 11 U.S.C. § 541(a)(1).

12. The concept of property of the estate is broad and covers "every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative." *Tyler v. DH Capital Management, Inc.*, 736 F.3d 455, 461 (6th Cir. 2013). "These legal and equitable interests include causes of action." *In re Derivium Capital LLC*, 716 F. 3d 355, 367 (4th Cir. 2013)(citing *Official Comm. of Unsecured Creditors v. R.F. Lafferty & Co., Inc.*, 267 F.3d 340, 358 (3d Cir. 2001)).

13. A claim, therefore, need only be "sufficiently rooted in the pre-bankruptcy past" to comprise part of the debtor's bankruptcy estate. *In re Shearin*, 224 F. 3d 346 (4th Cir. 2000) (citing *Segal v. Rochelle,* 382 U.S. 375, 380, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966)).

14. All assets of the estate are to be scheduled and disclosed on the debtor's schedules and statements. Once an asset is scheduled the trustee has the right to either administer or, if burdensome, abandon the asset. *See In re Lehoist*, 344 B.R. 782, 784 (Bankr. N.D.W.Va. 2006).

15. If the trustee neither administers or abandons a scheduled asset, the asset will be deemed abandoned upon the closure of the case. *See* 11 U.S.C. § 554(c); *Wissman v. Pittsburgh National Bank*, 942 F.2d 867, 873 (4th Cir. 1991) ("If the trustee does nothing to administer the scheduled property before the case closes, i.e., does nothing to pursue the action, it will then be deemed abandoned by operation of law.") (citations omitted).

16. An undisclosed asset will remain property of the estate despite closure of the bankruptcy case. *In re Ahearn*, 318 B.R. 638, 642-43 (Bankr. E.D.Va. 2003) (citations omitted); *see also In re Clark*, BAP No. CC–11–1322–KiMkH, 2012 WL 1911926, at *6 (9th Cir. BAP May 25, 2012).

17. The debtor's exposure to the defendants' bad acts are well rooted in the pre-petition past that any recovery for compensation would be property of the estate subject to distribution to creditors.

18. Since the cause of action was not listed in the debtor's schedules it remains property of the estate.

19. Pursuant to Section 350(b) "a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b).

20. The Court should reopen the underlying case to allow a chapter 7 trustee to investigate whether to administer or abandon this previously undisclosed asset of the estate. Fed. R. Bankr. P. 5010.

WHEREFORE the U.S. Trustee respectfully requests that this Court reopen this case, order the appointment of a trustee herein, and for such other and further relief as the Court shall deem necessary and just.

RESPECTFULLY SUBMITTED,
Judy A. Robbins, U.S. Trustee for Region Four

Kenneth N. Whitehurst, III
Assistant U.S. Trustee

By: /s/ Nicholas S. Herron
Nicholas S. Herron
Trial Attorney

## CERTIFICATE OF SERVICE

      I certify that on **1st day of November 2017**, service on all attorney Users in this case was accomplished through the Notice of Electronic Filing, pursuant to CM/ECF Policy 9 of the United States Bankruptcy Court for the Eastern District of Virginia, Case Management Electronic Case Files (CM/ECF) Policy Statement, Version 09/04/09. A copy of this Motion was mailed to: Dafney Dena Johnson, 1217 Ormer Road, Chesapeake, Virginia 23325 (Debtor); and John Edwin Bedi, Esq., Lake Center I, 501 Independence Pkwy., Ste. 102, Chesapeake, Virginia 23320 (Debtor's Counsel) by regular first class, United States mail, postage prepaid.

      /s/ Nicholas S. Herron